J-A26036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIRRELL WILLIAMS | |
| Appellant | No. 2145 MDA 2014 |

Appeal from the Judgment of Sentence of September 16, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000590-2013

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 02, 2015**

Tirrell Williams appeals the September 16, 2014 judgment of sentence, which was imposed after he was convicted by a jury of two counts of possession of a controlled substance with intent to deliver ("PWID").[1] Herein, Williams contends that the trial court erroneously denied his pre-trial motion *in limine*.  We affirm.

The trial court has summarized the factual and procedural history of this case as follows:

> On November 12, 2013, police stopped a vehicle being driven by [Williams] because they had a warrant for his arrest.  The police removed [Williams] from the vehicle, searched him incident to arrest, and found $111 and a cell phone.  The police handcuffed

_____

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     35 P.S. § 780-113(a)(30).

[Williams] and placed him in the back of Officer Justin Snyder's cruiser.

There were four other occupants in the vehicle. The other occupants also were removed from the vehicle and patted down. Two of the occupants possessed controlled substances. The front seat passenger possessed heroin and [crack] cocaine, and another occupant possessed marijuana and cocaine. [The heroin found on the front seat passenger was stamped "American Idol." The bags were packaged with rice in a plastic baggie. The crack cocaine was packaged in knotted plastic sandwich baggies.]

[Officer Snyder requested another officer to remove Williams from the cruiser, and search him a second time. The officer did so, but again did not find any weapons or contraband.] Officer Snyder transported [Williams] back to police headquarters. When Officer Snyder removed [Williams] from the vehicle, he discovered a clear plastic sandwich bag (sometimes referred to as a distribution bag) on the floor board of the cruiser in the area where [Williams] had just been sitting. The distribution bag contained a knotted sandwich bag with rice and twenty-one blue waxen bags of heroin stamped "American Idol" and another knotted sandwich bag with twenty baggies of crack cocaine. No controlled substances were in the cruiser when Officer Snyder began his shift, and [Williams] was the first person to be placed in the back of Officer Snyder's cruiser.

The police also did not discover any paraphernalia to ingest the controlled substances on [Williams'] person, in [Williams'] vehicle, or in Officer Snyder's police cruiser.

Officer Snyder charged [Williams] with [two counts of PWID.]

On August 29, 2014, [Williams] filed a motion *in limine* in which he sought to preclude the Commonwealth from introducing evidence that other occupants of the vehicle were found in possession of drugs with similar packaging as the drugs allegedly possessed by [Williams]. He asserted that the relevancy of the similar packaging was outweighed by its prejudicial nature and the confusion it would cause. The court held an argument on [Williams'] motion and denied it on September 15, 2014 on the basis that the evidence was circumstantial evidence of intent to distribute.

A jury trial was held on September 16, 2014. The jury convicted [Williams] of both charges. [Williams] requested immediate

sentencing, and the court sentenced him to incarceration in a state correctional institution for one and one-half to three years.

[Williams] filed a post-sentence motion in which he requested a new trial, because the court erred in denying his motion *in limine*. The court denied [Williams'] post-sentence motion on December 16, 2014. Two days later, [Williams] filed [a] notice of appeal.

Trial Court Opinion ("T.C.O."), 4/29/2015, at 1-3 (minor modifications made for clarity and consistency).

On January 6, 2015, the trial court directed Williams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 26, 2015, Williams timely filed a concise statement. On April 29, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Williams raises the following question for our review:

Whether the trial court erred and abused its discretion in denying [Williams'] motion to preclude the Commonwealth from admitting evidence of drugs found in the groin area of other occupants of the vehicle that [Williams] was driving in order to prove beyond a reasonable doubt that [Williams] possessed drugs found on the floor of a police cruiser?

Brief for Williams at 7.

We begin with the legal standards and principles that govern our review of this case.

When reviewing the denial of a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. ***See Commonwealth v. Zugay***, 745 A.2d 639 (Pa. Super. 2000) (explaining that because a motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to trial, which is similar to a ruling on a motion to suppress evidence, our standard of review of a motion *in limine* is the same as that of a motion to suppress). The admission of evidence is committed to

- 3 -

the sound discretion of the trial court and our review is for an abuse of discretion. *See Commonwealth v. Albrecht*, 720 A.2d 693, 704 (Pa. 1999).

*Commonwealth v. Owens*, 929 A.2d 1187, 1190 (Pa. Super. 2007).

The threshold inquiry with admission of evidence is whether the evidence is relevant. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." *Commonwealth v. Spiewak*, 617 A.2d 696, 699 (Pa. 1992). In addition, evidence is only admissible where the probative value of the evidence outweighs its prejudicial impact. *Commonwealth v. Story*, 383 A.2d 155 (Pa. 1978). However, where the evidence is not relevant there is no need to determine whether the probative value of the evidence outweighs its prejudicial impact. *Id.* Instead, once it is determined that the trial court erred in admitting the evidence, the inquiry becomes whether the appellate court is convinced beyond a reasonable doubt that such error was harmless. *Id.* Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. *Commonwealth v. Simmons*, 662 A.2d 621 (Pa. 1995) (citing *Commonwealth v. Williams*, 573 A.2d 536 (Pa. 1990)).

*Commonwealth v. Robinson*, 721 A.2d 344, 350 (Pa. 1998) (citations modified).

Williams argues that evidence of the drugs that were found in the groin area of the front seat passenger was irrelevant to his case, primarily because Williams "cannot be connected to the drugs other than his proximity to the other occupant and his later proximity to drugs found in the police

cruiser." Brief for Williams at 11. "The absence of connection between the passenger's possession of drugs and the drugs found in the police cruiser make this evidence irrelevant." *Id.* We disagree.

Despite Williams' contention to the contrary, there is a very clear link between the drugs found on the floor of the police cruiser and the drugs found in the groin area of the front passenger: the "American Idol" stamp on the heroin. The Commonwealth was required at trial to prove that Williams possessed the drugs that were found on the floor of the police cruiser. Williams was the first person arrested and placed in the cruiser on the day in question. The drugs were not on the floor before Williams was placed in the car. However, he vehemently denied possession of the drugs at trial, in particular because he was searched twice before being placed in the back seat of the car. The evidence at issue unquestionably was relevant not only as circumstantial evidence of possession, but also to refute Williams' assertion that he was not the person who dropped the drugs on the floor of the vehicle.

As noted, the evidence was relevant as circumstantial evidence of possession. The Commonwealth had to prove the identity of the person who placed the drugs in the police cruiser. Williams, only minutes before, was in a vehicle with another person who had a quantity of drugs that was marked and packaged identically to those found at Williams' feet in the police car. In proving that Williams was the person who secreted the drugs on the floor of the cruiser, the Commonwealth demonstrated that Williams was the only

person in the cruiser, that no drugs were in the cruiser before he was placed in the car, and the drugs were marked exactly as those found on a person in the vehicle that Williams was driving immediately before being arrested. The drugs on the front passenger were a relevant, and arguably necessary, piece of the Commonwealth's proof of possession. The trial court did not abuse its discretion in holding the evidence to be relevant.

Williams next argues that, if the evidence was relevant, the prejudicial effect of the evidence outweighed its probative value. For this argument, Williams maintains that the evidence amounted to a prior bad act that was used for the sole purpose of proving another bad act, which is strictly proscribed by Pa.R.E. 404. This argument fails before it starts, because the very language of the rule that Williams relies upon precludes its applicability to Williams in this situation. Pursuant to Rule 404, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." In other words, per its own terms, Rule 404's proscription applies only when the bad act being introduced was committed by the person against whom the act is being offered. In this case, that would mean that Rule 404 only applies if one of Williams' prior bad acts is being used to show that Williams is acting in conformity with his own prior bad act. Here, it was the front passenger's bad act that was proffered against Williams. Rule 404 has no applicability here.

The evidence in this case undoubtedly was prejudicial.  Most, if not all, relevant evidence introduced against a criminal defendant is prejudicial.  However, as detailed above, the evidence was highly probative to prove that Williams was the person who possessed, and then abandoned, the drugs in the police cruiser.  We discern nothing in the record to indicate that the prejudicial value outweighed the highly probative nature of the contested evidence.  Hence, the trial court did not abuse its discretion either in ruling the evidence to be relevant or in determining that the probative value of the evidence outweighed its prejudicial effect.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/2015