J-S66018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TONY SYFEE BARNES | |
| Appellant | No. 4 WDA 2015 |

Appeal from the Judgment of Sentence entered September 12, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No: CP-07-CR-0002445-2013

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 8, 2016**

Appellant Tony Syfee Barnes appeals from the September 12, 2014 judgment of sentence entered by the Court of Common Pleas of Blair County ("trial court"), following a jury trial that resulted in convictions for possession with the intent to deliver a controlled substance (PWID), 35 P.S. § 780-113(a)(30), possession of a controlled substance, 35 P.S. § 780-113(a)(16), and criminal use of a communication facility, 18 Pa.C.S.A. § 7512(a).  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  On October 31, 2013, Appellant was charged with the foregoing offenses.  The affidavit of probable cause accompanying the complaint provided in part:

---

[*] Retired Senior Judge assigned to the Superior Court.

On 10-30-13 [confidential informant (CI)] contacted [Officer Christopher Moser, Altoona Police Department (APD),] and stated he was approached by a black male who asked him if he knew anyone that used heroin and the CI told the black male that he would make some phone calls for him. The black male told the CI that he would sell (14) packets of heroin for $200.00. The black male gave the CI his cellular phone number, 267-469-4382 and told the CI that his name was Maxi. The CI told Maxi he would call him when he was with his guy. The CI told Maxi that his guy was at work, but would be getting off shortly.

[Officer Moser] briefed at APD with other officers for a [b]uy [b]ust on Maxi. [Officer Moser] met with Sgt. Jones, Det. Brandt and Ptlms Pittman, Swope, Roesch, Syner and Lutz. The CI met at APD with officers and was strip searched at 2045 hrs by Ptlm Pittman. The search was negative for drugs and/or monies. Sgt. Jones pre-recorded $200.00 in task force funds and retained the money on his person.

Sgt. Jones transported the CI to the 1200 [block] of 11th Ave. Other officers maintained cover/surveillance positions.

At 2113 hrs the CI called Maxi in the presence of Sgt. Jones. The CI told Maxi that he had "2," meaning $200.00 and asked him to meet him at the Post Office.

At 2137 hrs Ptlms Snyder and Roesch observed Maxi walking towards the meet [sic] location. Maxi then turned on Green Ave. and appeared to be waiting. [Officer Moser] informed Sgt. Jones of Maxi's location. At 2138 hrs the CI exited Sgt. Jones' vehicle and met with Maxi. Sgt. Jones retained the task force funds. Maxi and the CI then met with Sgt. Jones. The CI got into the vehicle and introduced Maxi and Sgt. Jones. Maxi looked at Sgt. Jones and asked to see his [identification]. Sgt. Jones told Maxi that he didn't have his ID because he just got off work. The CI told Maxi that Sgt. Jones had the money, but if he wasn't comfortable he could walk away. Maxi told Sgt. Jones he was good and didn't deal with him. Maxi walked away from the location.

At 2140 hrs the CI called Maxi and said that it was ok for the CI to meet with Maxi if he felt more comfortable that way. The CI told Maxi that Sgt. Jones was cool and he just wanted to get high. Maxi agreed to meet the CI on the 1200 [block] of 14th Ave.

Sgt. Jones drove the CI to the 1200 [block] of 14th Ave. Sgt. Jones gave the CI the $200.00 in task force funds. The CI exited the vehicle and met with Maxi. At 2159 hrs the CI returned to Sgt. Jones' vehicle and gave him the heroin. Sgt. Jones advised that he had (14) packets of heroin in his possession. Officers lost sight of Maxi as he went into an apartment building in the 1200 [block] of 14th Ave.

Sgt. Jones transported the CI back to APD. At 2205 hrs Sgt. Jones strip searched the CI with negative findings for drugs and/or monies. Officers maintained surveillance and waited to arrest Maxi for the delivery. Sgt. Jones and the CI then returned to the delivery location to assist in identifying Maxi.

At 2251 hrs [Officer Moser] and Det. Brandt observed Maxi walk south across 14th Ave. and continue between the houses. The CI and Sgt. Jones confirmed Maxi's identity and arrest officers moved to take him into custody.

Maxi was identified as [Appellant] via a PA identification card. [Appellant] was searched incident to arrest. Ptlm Swope located $180.00 of the $200.00 in buy money in [Appellant's] right front pants pocket. This was later confirmed at APD by Sgt. Jones and [Officer Moser]. [Appellant] also had a cellular telephone on his person, assigned cellular phone number 267-469-4382. Officer also located an AMTRAK train ticket dated October 30, 2013 at 12:42 PM. The ticket was for Philadelphia to Altoona. [Appellant] was transported to APD.

Ptlm Pittman handled all evidence in regards to this arrest. The (14) wax packets of heroin were blue double sealed baggies with a Tiger logo. At 2359 hrs Ptlm Pittman conducted a field test on a portion of the heroin with a positive response for the same.

Affidavit of Probable Cause, 10/31/13. Prior to trial, on June 13, 2014, Appellant filed a motion *in limine*, requesting, among other things, the introduction of the CI's—later identified as Troy Jukes—old robbery conviction that occurred in 2002. On the day of trial, the trial court denied Appellant's *in limine* motion, excluding any reference to Troy Jukes' robbery conviction because it fell outside the ten-year period set forth in Pa.R.E. 609.[1] N.T. Trial, 6/17/14, at 6. Following a jury trial, on June 18, 2014,

_____

[1] Rule 609, relating to impeachment by evidence of a criminal conviction, provides in pertinent part:

**(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.

*(Footnote Continued Next Page)*

- 3 -

Appellant was found guilty of PWID, possession of a controlled substance, and criminal use of a communication facility. The trial court sentenced Appellant to 33 to 84 months' imprisonment for PWID. The trial court also imposed upon Appellant a concurrent sentence of 12 to 24 months' imprisonment for criminal use of a communication facility. Appellant filed a post-sentence motion, challenging, *inter alia*, the discretionary aspects of sentencing and the weight of the evidence. The trial court denied Appellant's motion with respect to the weight of the evidence challenge. The trial court, however, granted Appellant's motion to the extent it sought modification of sentence. In so doing, the trial court did not alter the aggregate sentence imposed. The trial court sentenced Appellant to 21 to 60 months' imprisonment for PWID and 12 to 24 months' imprisonment for criminal use of a communication facility, to run **consecutively**. The Appellant timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

*(Footnote Continued)* —————————————

> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>> (1) its probative value substantially outweighs its prejudicial effect; and
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609(a), (b).

On appeal, Appellant raises four issues for our review:

I. Whether the court's pretrial order erred on the defense motion denying inquiry into the informants [sic] record for robbery conviction.

II. Whether the court erred in finding sufficient evidence to support the verdict because the primary witness to the transaction was the confidential informant who had at best a checkered history and was seeking a favorable outcome by cooperating with the government.

III. Whether the [c]ourt erred in denying [Appellant's] motion for judgment of acquittal as the evidence was not weighty to support a conviction. Again, [Appellant] debates the jury's conclusion.

IV. Whether th[e c]ourt erred when it re-sentenced [Appellant] on December 8, 2014 adopting the same net sentence from the former order of September 12, 2014, showing that the court fully intended on giving [Appellant] the same aggravated range sentence raising a substantial question as to the reasonableness of the sentence. The [c]ourt also failed to credit whatsoever the on-going mitigating medical condition of [Appellant] and taking into account the insignificant size of the singular drug transaction.

Appellant's Brief at 7 (internal citations omitted).

We first address Appellant's argument that the trial court abused its discretion by denying his motion *in limine* excluding all references to Troy Jukes' prior conviction for robbery. Appellant contends that introduction of Jukes' robbery conviction would have completed Jukes' "criminal history [and, as a result,] the jury would have taken a different view of Jukes; enough so that they might not have believed Jukes or convicted [Appellant]." Appellant's Brief at 11.

We review a trial court's denial of a motion *in limine* for an abuse of discretion. *Commonwealth v. Owens*, 929 A.2d 1187, 1190 (Pa. Super. 2007), *appeal denied*, 940 A.2d 364 (Pa. 2007). A trial court's ruling

regarding the admissibility of evidence will not be disturbed "unless that ruling reflects 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.'" *Id.*

Pennsylvania Rule of Evidence 609 provides, in pertinent part, that evidence of a witness's prior conviction older than ten years is admissible only if "(1) its probative value substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Pa.R.E. 609(b).

Based on our review of the record, we conclude that the trial court did not abuse its discretion in denying Appellant's motion *in limine*. Instantly, the parties do not dispute that Jukes' robbery conviction was more than ten years old. The record reveals that Appellant's reference to Jukes' 2002 conviction for robbery would have been cumulative for purposes of impeaching Jukes' credibility.[2] As the trial court pointed out, Jukes was

_____

[2] In **Commonwealth v. Flamer**, 53 A.3d 82 (Pa. Super. 2012), we explained:

> Evidence may be excluded if its probative value is outweighed by the "needless presentation of cumulative evidence." Pa.R.E. 403. We define cumulative evidence as "additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence." **Commonwealth v. G.D.M., Sr.**, 926 A.2d 984, 989 (Pa. Super. 2007) (quoting Black's Law Dictionary, Seventh Edition, at 577), *appeal denied,* [] 944 A.2d 756 ([Pa.] 2008).

**Flamer**, 53 A.3d at 88 n.6.

questioned at trial about prior *crimen falsi* convictions for theft.  Trial Court Opinion, 1/12/16, at 2-3.  Specifically, the Commonwealth asked Jukes whether he was convicted for theft in 2002 and 2007.  N.T. Trial, 6/17/14, at 77.  Jukes responded in the affirmative.  **Id.**  Jukes also acknowledged his theft convictions on cross-examination.  **Id.** at 93.  Moreover, Jukes also admitted at trial to working for the government in exchange for lenient treatment vis-à-vis pending narcotics charges.  **Id.** at 77, 93.  Given the fact that the jury had an opportunity to hear about Jukes' involvement with narcotics, his attendant cooperation with the government, and his **crimen falsi convictions for theft**, we find the trial court did not abuse its discretion in excluding references to Jukes' 2002 robbery conviction.

We next address Appellant's second and third arguments together as they both relate to the weight of the evidence.[3]  Specifically, Appellant challenges the jury's credibility determinations favoring Jukes.

Our standard in reviewing a weight of the evidence claim is as follows:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.  Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing

---

[3] Even though Appellant's second argument uses the term "sufficient evidence," it does not appear to challenge the sufficiency of the evidence with respect to any elements of the crimes for which he was convicted. Viewed in context, Appellant's second argument assails only the jury's credibility determination to the extent it found Jukes' testimony to be credible.

a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and

citations omitted).

Relief on a weight of the evidence claim is reserved for extraordinary circumstances, when the [fact-finder's] verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. On appeal, [an appellate court] cannot substitute its judgment for that of the jury on issues of credibility, or that of the trial judge respecting weight. Our review is limited to determining whether the trial court abused its discretion[.]

***Commonwealth v. Sanchez***, 36 A.3d 24, 39 (Pa. 2011) (citations and

quotation marks omitted).

With the foregoing standard in mind, we are constrained to conclude

that the trial court did not abuse its discretion in denying Appellant's weight

of the evidence challenge. It is settled that "[t]he finder of fact—here, the

jury—exclusively weighs the evidence, assesses the credibility of witnesses,

and may choose to believe all, part, or none of the evidence." ***Id.*** at 39. As

a reviewing court, we may not second-guess the jury's credibility

determination.[4] ***See Clay***, ***supra***. Here, the jury's credibility determination

---

[4] To the extent Appellant challenges his in-court identification by Jukes, we conclude that such challenge is waived. In Pennsylvania, it is well-settled that a party must make a timely and specific objection at trial in order to preserve an issue for appellate review. ***See*** Pa.R.A.P. 302(a); Pa.R.E. 103(a)(1); ***see also Commonwealth v. Montalvo***, 641 A.2d 1176, 1185 (Pa. Super. 1994) (citation omitted) ("In order to preserve an issue for
*(Footnote Continued Next Page)*

favoring Jukes did not shock the trial judge's sense of justice. We find no abuse of discretion in the trial court judge's denying Appellant a new trial on his weight of the evidence claim.

We now turn to Appellant's final argument that the trial court abused its discretion in imposing an aggregate sentence of 33 to 84 months' imprisonment. Appellant argues that the imposed sentence is unreasonable and harsh.

Preliminarily, we observe that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa. Super. 1999). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion

*(Footnote Continued)* _____

review, a party must make a timely and specific objection at trial."). Failure to do so results in waiver of that issue on appeal. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Schoff*, 911 A.2d 147, 158 (Pa. Super. 2006). Here, the trial transcript reveals that Appellant failed to object to his in-court identification by Jukes. *See* N.T. Trial, 6/17/14, at 79-80. It bears mentioning that Appellant also was identified at trial, without objection, by Sgt. Jones. *Id.* at 40.

> to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Id.***

Here, in refuting Appellant's challenge, the Commonwealth points out that Appellant is unable to meet the four-part test because his brief does not contain a section addressing the discretionary aspects of his sentence as required under Pa.R.A.P. 2119(f).[5] Appellee's Brief at 18. Thus, we consider his challenge to the discretionary aspect of his sentence waived. ***See Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa. Super. 2008) (noting even if properly preserved, a challenge to the discretionary aspect of a sentence is waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence), *aff'd*, 17 A.3d 332 (Pa. 2011).

---

[5] Rule 2119(f) provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter *shall set forth* in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

(Emphasis added.)

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2016