J-S37041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN D. LIPPHARDT | |
| Appellant | No. 1921 WDA 2015 |

Appeal from the Judgment of Sentence November 6, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0001162-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JUNE 30, 2016**

John D. Lipphardt appeals from the judgment of sentence entered in the Court of Common Pleas of Crawford County after a jury convicted him of failure to register his residence with the Pennsylvania State Police[1] pursuant to provisions[2] of the Sexual Offender Registration and Notification Act (SORNA).[3]  Upon review, we affirm.

Lipphardt was previously convicted of a crime that required him to register with the Pennsylvania State Police in compliance with SORNA.  On or about August 26, 2014, Lipphardt moved from a residence in Mercer County

---

[1] 18 Pa.C.S. § 4915.1(a)(1).

[2] 42 Pa.C.S. § 9799.15(g).

[3] 42 Pa.C.S. §§ 9799.10-9799.41.

to a residence in Crawford County. Lipphardt did not report to the Pennsylvania State Police in person to register his new address within the statutory period of three business days required by 42 Pa.C.S. § 9799.15(g). Indeed, Lipphardt did not register his new address at any point prior to his arrest on October 21, 2014.

Prior to trial, Lipphardt filed a motion *in limine* seeking to exclude evidence of his continued failure to report after three business days, arguing that "any evidence of [his] non-reporting beyond the stated three-day time period is irrelevant." Motion *in Limine*, 9/14/15, at ¶ 9. The trial court denied the motion *in limine*, and a jury trial was conducted on September 14 and 15, 2015. Lipphardt was found guilty of failing to report the change in his residence and was sentenced on November 6, 2015, to five to ten years' incarceration, to be served concurrently with any other sentences he was serving.

Lipphardt filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Lipphardt raises the following issue for our review:

> Whether the trial court erred in denying [Lipphardt's] motion *in limine* requesting that any evidence of [his] failure to register with the Pennsylvania State Police beyond the legally stated three-day time period should be excluded at trial?

Brief of Appellant, at 7.

We review a trial court's denial of a motion *in limine* for an abuse of discretion. ***Commonwealth v. Owens***, 929 A.2d 1187, 1190 (Pa. Super. 2007). Further,

> [o]ur standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Hoppert***, 39 A.3d 358, 361-62 (Pa. Super. 2012) (citation omitted).

Instantly, the Commonwealth was required to present evidence showing that Lipphardt knowingly failed to update his address in person within three business days of moving. ***See*** 18 Pa.C.S. § 4915.1(a)(1); 42 Pa.C.S. § 9799.15(g). Lipphardt admits that he did not register his new address within three business days. However, Lipphardt argues that his failure to register should be excused because he did not have transportation and, thus, "he did not *voluntarily* fail to register his new address with the Pennsylvania State Police or an approved registration site within three

- 3 -

business days." Brief of Appellant, at 10 (emphasis added). In making this argument, Lipphardt asserts that any evidence of events outside the three-day window is irrelevant. We disagree.

Pennsylvania Rule of Evidence 402 provides that relevant evidence is generally admissible. Pa.R.E. 402. Moreover, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Pa.R.E. 401(a). During the hearing on the motion *in limine*, the Commonwealth indicated that although it appeared that Lipphardt had relocated on August 26, 2014, the exact date was unclear. *See* N.T. Motion *in Limine*, 9/14/15, at 17-18. Thus, the trial court appropriately determined that evidence of non-compliance beyond the three business days immediately following August 26 was relevant.

We also note that Lipphardt provides no legal support indicating that a lack of transportation provides a defense for the failure to register a new address. When Lipphardt chose to set forth this "defense," he made his continued non-compliance even more relevant because it bolsters the theory that Lipphardt *knowingly* failed to register and simply fabricated an excuse months later for his failure to do so.

For the foregoing reasons, we find that the trial court did not err in denying Lipphardt's motion *in limine*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2016