J-S66008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRANDON RAHEEM HAYES | |
| Appellant | No. 374 MDA 2016 |

Appeal from the Judgment of Sentence March 5, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002408-2014

BEFORE:  BOWES, PANELLA AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 16, 2016**

Brandon Hayes appeals from the March 6, 2015 judgment of sentence of three and one-half to seven years imprisonment and thirty days probation, which was imposed after he was found guilty of person not to possess, firearms not to be carried without a license, and possession of a small amount of marijuana.  We affirm.

The following facts were adduced at trial.  On March 16, 2014, Appellant was a passenger in the front seat of a vehicle that was stopped at a DUI checkpoint on the business loop of Interstate 83 north of York City. Corporal Alan Trees of the Pennsylvania State Police directed his attention to the driver of the vehicle, Claudia Calderon, who produced her license and other paperwork.  Trooper Jeremy Corrie approached the passenger side of

the vehicle. Both troopers testified that the odors of marijuana and alcohol emanated from the vehicle. In response to Corporal Trees' inquiry, Ms. Calderon admitted that she had been drinking, but she passed a field sobriety test and breathalyzer. Thereafter, Ms. Calderon consented to a search of her car, and Appellant was directed to exit the vehicle. Police found a loaded Smith & Wesson .357 Magnum revolver protruding from beneath the passenger seat in which Appellant had been sitting, and a partially burned marijuana cigarette. Appellant admitted ownership of the marijuana cigarette but he and Ms. Calderon denied any knowledge of the firearm. The firearm was loaded with six rounds of Remington-Peterson brand .357 Magnum ammunition stamped with "R&P".

Upon determining that there were outstanding warrants for Appellant, the officers took him into custody and charged him with receiving stolen property, person not to possess a firearm, firearms not to be carried without a license and possession of a small amount of marijuana. While in jail, Appellant made a phone call during which he made cryptic references to a "joint under the seat" and stated that, "he had wiped it down." N.T. Non-Jury Trial, 2/5/15, at 58, 59. Since the firearm was devoid of prints, Corporal Trees interpreted the latter remark to mean that Appellant had wiped down the gun located under his seat to remove any fingerprints. The parties stipulated that Appellant was a person who was prohibited from possessing a firearm.

Prior to trial, the Commonwealth filed a motion *in limine* seeking a ruling from the trial court on the admissibility of evidence that on December 31, 2013, Appellant possessed fourteen rounds of .357 Magnum ammunition bearing the brand stamp R&P, which was the same brand of ammunition contained in the firearm seized from the vehicle. The court ruled that Officer Jason Jay of the York City Police Department could testify that when he searched Appellant on that date, Appellant had that ammunition on his person.

Following a bench trial on February 5, 2015, Appellant was convicted of all charges except receiving stolen property, and he was sentenced as aforesaid. On October 16, 2015, Appellant filed a PCRA petition alleging that trial counsel was ineffective for failing to file a requested direct appeal. The Commonwealth agreed to the reinstatement of Appellant's direct appeal rights since he had not been properly advised of those rights at sentencing, and an order to that effect issued on February 4, 2016. Appellant filed the instant direct appeal and timely complied with the trial court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The trial court penned its Rule 1925(a) opinion, and this matter is now ready for our review.

Appellant presents one issue for our consideration: "Whether the trial court erred by granting the Commonwealth's Motion in *Limine* to admit prior

bad acts of Appellant, namely his possession of .357 magnum ammunition three months prior to the incident?"  Appellant's brief at 6.

For challenges to evidentiary rulings, our review is limited to a determination whether a trial court abused its discretion.  ***Commonwealth v. Aikens***, 990 A.2d 1181, 1184-85 (Pa.Super. 2010).  "A trial court's decision will not be reversed absent a clear abuse of discretion.  An abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will."  ***Id***. at 1184-85(citations omitted).

The trial court ruled the ammunition evidence admissible under the exceptions delineated in Pa.R.E. 404(b)(2) for evidence of prior crimes and bad acts.  Since the evidence was not offered to show that Appellant acted in conformity therewith or that he had a propensity to commit such crimes, the trial court concluded that Appellant's possession of identical ammunition three months before the stop tended to identify Appellant as the owner of the loaded .357 Magnum found under his seat.

"Evidence is relevant when it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Pa.R.E. 401. "All relevant evidence is admissible, except as otherwise provided by law.  Evidence that is not relevant is not admissible."  Pa.R.E. 402.  Furthermore, relevant evidence is

only admissible where the probative value of the evidence outweighs its prejudicial impact. **Commonwealth v. Owens**, 929 A.2d 1187, 1189, (Pa.Super. 2007). "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

At issue is the admissibility of evidence that, three months prior to the stop herein, Appellant possessed ammunition of the same caliber and stamp as that found in the loaded .357 Magnum found under his seat. Pa.R.E. 404(b) governs the admissibility of evidence of a party's prior wrongs or other acts, and it provides in pertinent part:

(b) Crimes, Wrongs or Other Acts.

    (1)    Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

    (2)    Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1) and (2).

Our High Court summarized the law governing the admissibility of prior bad acts evidence in **Commonwealth v. Sherwood**, 982 A.2d 483, 497 (Pa. 2009):

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact. **Commonwealth v. Powell**, 598 Pa. 224, 956 A.2d 406, 419 (2008).

**Id**. at 497. Decisions such as whether evidence is too remote to be probative rest within the sound discretion of the trial judge. **Commonwealth v. Christine**, 125 A.3d 394 (Pa. 2015).

Appellant contends that evidence that he possessed ammunition of the same caliber and brand as that loaded in the firearm found underneath his seat three months prior to the stop herein "lacked a temporal and logical connection to the crime to be relevant." Appellant's brief at 11. He maintains further that, "Even if the evidence is relevant, it was overly prejudicial to prove constructive possession of the firearm." Appellant's brief at 11. Finally, Appellant contends that the evidence was inadmissible prior bad acts evidence under Pa.R.E. 404(b)(1) and (b)(3).

The Commonwealth counters that because the ammunition inside the .357 Magnum revolver found underneath the Appellant's seat "matched the

ammunition previously seized[,]" it was admissible to establish Appellant's possible connection with a .357 Magnum and to suggest that the proximity of the firearm to Appellant was not an accident. Appellant relies upon two cases in support of his position that the York City incident three months before was too remote to be of any probative value. First, he attempts to distinguish *Commonwealth v. Miles*, 681 A.2d 1295 (Pa. 1996), where we affirmed the trial court's admission of evidence that the defendant brandished a .357 Magnum when he robbed a young boy just hours before a murder. We found such evidence admissible to prove that the defendant possessed such a weapon at the time of the murder. Second, in *Commonwealth v. Owens*, *supra*, we upheld the trial court's ruling that shotgun shells seized from the defendant's car three days after a shooting that were similar to those used in the shooting were admissible as they linked the defendant to the crime. Appellant argues that, due to the three-month gap between the first incident and the DUI stop herein, the evidence of his possession of the same type of ammunition lacked the requisite probative value to be admissible.

Although the time between Appellant's prior possession of ammunition and the crime herein was longer than a few hours or days, we find it temporally proximate enough to make it more probable that he, rather than the driver, possessed the gun found under his seat. *See Commonwealth v. Weakley*, 972 A.2d 1182, 1190 (Pa.Super. 2009) (eight month lapse of

time between crimes did not render the other crimes evidence too tenuous for admission); *see also Commonwealth v. Shoatz*, 366 A.2d 1216 (Pa. 1976) (possession of the same type of military weapons used in the murder was admissible to connect the defendant to the crime that occurred one and one-half years after the incident and viewing the time interval between the two events as bearing on the weight of the evidence, not its competency).

Appellant argues further that there was nothing unique about the ammunition that would suggest a signature or pattern. He contrasts the facts herein with those in *Commonwealth v. Broaster*, 863 A.2d 588 (Pa.Super. 2004),[1] where the trial court ruled admissible the .45 caliber handgun defendant discarded just prior to his arrest even though it was not the .45 caliber murder weapon. The court found therein that the fact that both handguns were of the same caliber and uniquely loaded by staggering three rounds from different manufacturers was probative of a signature that linked the defendant to the murder. Similarly, in *Shoatz*, *supra*, evidence that the defendant possessed advanced military-type weapons and ammunition when he was arrested was admitted to prove that the defendant

---

[1] In *Broaster v. Houtzdale*, 2011 U.S. Dist. LEXIS 86832 (E.D. Pa. 2011), the district court conditionally granted *habeas corpus* relief on the ground that counsel was ineffective for failing to object to the state court instruction about the inferences the jury could draw from petitioner's possession of a different handgun of the same caliber as the murder weapon three months after the murder.

conspired with a militant group that killed police officers. The court viewed his possession of weapons that were inaccessible to the public generally as probative of the defendant's affiliation with the group. We find evidence that Appellant possessed ammunition of the same caliber and stamp to be sufficiently distinctive to link Appellant to the firearm in the vehicle, and thus, admissible under Pa.R.E. 404(b)(2).

Appellant does not dispute that evidence offered to prove identity, and absence of mistake or accident, is admissible under Pa.R.E. 404(b)(2). However, he maintains that even Rule 404(b)(2) evidence may be inadmissible under Pa.R.E. 404(b)(3), where, as here, its probative value is outweighed by its prejudicial effect.

We do not find the evidence to be unfairly prejudicial. It was not a weapon nor was it the type of evidence that would ordinarily inflame the passions of the factfinder and suggest a decision on an improper basis. Furthermore, this was a bench trial. We find it unlikely that the trial court would be improperly swayed by this evidence or accord it any greater weight than it deserved. Hence, Officer Jay's testimony regarding Appellant's prior possession of fourteen rounds of .357 Magnum ammunition bearing the stamp R&P, which was identical to the ammunition in the .357 Magnum found under Appellant's seat herein, was more probative than prejudicial on

the issue of whether Appellant constructively possessed the .357 Magnum.[2]

Thus, we find no abuse of discretion in its admission.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016

---

[2] Appellant suggests that the cases relied upon by the Commonwealth and the trial court are distinguishable as they involved crimes that were "more than just a possessory crime and instead involved use of the weapon to commit assault, robbery or a murder." Appellant's brief at 18. Appellant offers no rationale why the nature of the crime warrants different treatment, and we can think of none.