**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL WILLIAM EDMONSON, | |
| Appellant | No. 940 WDA 2015 |

Appeal from the Judgment of Sentence May 15, 2015
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000148-2014

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 20, 2017**

Appellant, Michael William Edmonson, appeals from the judgment of sentence entered following his conviction of multiple counts of crimes related to his repeated sexual assault on his three minor daughters. We affirm.

We summarize the procedural history of this case as follows. In an information filed on July 9, 2014, Appellant was charged with a total of 250 counts of sex crimes committed between January 1, 2002, and February 22, 2014.[1] Appellant filed a motion *in limine* on January 22, 2015. In an order

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, the Commonwealth charged Appellant with fourteen counts of rape of a child; fourteen counts of involuntary deviate sexual intercourse; eighteen counts of involuntary deviate sexual intercourse with a victim under the age of sixteen; eighteen counts of incest; eighteen counts of rape by
*(Footnote Continued Next Page)*

dated January 22, 2015, the trial court granted in part and denied in part Appellant's motion *in limine*. In addition, the trial court's order stated that multiple charges listed in the criminal information were *nol prossed*.[2] On January 22, 2015, a jury convicted Appellant of all charges that had not been *nol prossed*, for a total of ninety-six separate convictions. On May 15, 2015, the trial court, after determining that a multitude of Appellant's

_(Footnote Continued)_ ———————

threat of forcible compulsion; eighteen counts of statutory sexual assault where the victim is under the age of sixteen and the perpetrator is more than eleven years older than the victim; eighteen counts of statutory sexual assault where the victim is under the age of sixteen and the perpetrator is four years older but less than eight years older than the victim; fourteen counts of aggravated indecent assault of a person less than thirteen years of age; eighteen counts of aggravated indecent assault where the victim is less than sixteen years of age; fourteen counts of incest of a minor; eighteen counts of corruption of minors graded as a first-degree misdemeanor; eighteen counts of corruption of minors graded as a third-degree felony; eighteen counts of endangering the welfare of children; fourteen counts of indecent assault of a person less than thirteen years of age; and eighteen counts of indecent assault of a person less than sixteen years of age.

[2] The following charges remained after multiple counts were *nol prossed*: six counts of rape of a child; two counts of involuntary deviate sexual intercourse; eight counts of involuntary deviate sexual intercourse with a victim under the age of sixteen; eighteen counts of incest; eighteen counts of rape by threat of forcible compulsion; five counts of statutory sexual assault where the victim is under the age of sixteen and the perpetrator is more than eleven years older than the victim; thirteen counts of statutory sexual assault where the victim is under the age of sixteen and the perpetrator is four years older but less than eight years older than the victim; twelve counts of aggravated indecent assault where the victim is less than sixteen years of age; six counts of incest of a minor; three counts of corruption of minors graded as a first-degree misdemeanor; three counts of endangering the welfare of children; one count of indecent assault of a person less than thirteen years of age; and one count of indecent assault of a person less than sixteen years of age.

convictions merged for sentencing purposes, sentenced Appellant to serve an aggregate term of incarceration of ninety-nine to 200 years. In addition, after a hearing, the trial court determined that Appellant should be classified as a sexually violent predator ("SVP"). This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On November 18, 2015, Appellant filed with this Court an "application for relief to file post sentence motion *nunc pro tunc*." On November 23, 2015, this Court entered an order that granted Appellant's motion and remanded this matter to the trial court for the filing and disposition of the requested post-sentence motion *nunc pro tunc*, and we retained jurisdiction. Appellant filed a post-sentence motion *nunc pro tunc* with the trial court on December 3, 2015. On December 11, 2015, the trial court denied Appellant's post-sentence motion and returned the record to this Court.

Appellant now presents the following issues for our review:

I. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSES OF RAPE OF A CHILD LESS THAN THIRTEEN, 18 Pa.C.S.A. § 3121 (c), INVOLUNATARY [sic] DEIVAT [sic] SEXUAL INTERCOURSE LESS THAN THIRTEEN, 18 Pa.C.S.A. § 3123 (b), INVOLUNTARY DEVIATE SEXUAL INTERCOURSE LESS THAN SIXTEEN, 18 Pa.C.S.A. § 3123 (a)(7), RAPE THREAT OF FORCIBLE COMPULSION, 18 Pa.C.S.A. § 3121 (a)(2), STATUTORY SEXUAL ASSAULT, 18 Pa.C.S.A. § 3122.1, AGGRAVATED INDECENT ASSAULT LESS THAN SIXTEEN, 18 Pa.C.S.A. § 3125 (a)(8), INCEST OF A MINOR, 18 Pa.C.S.A. § 4302 (b), INDECENT ASSAULT LESS THAN THIRTEEN, 18 Pa.C.S.A. § 3126 (a)(7), INDECENT ASSAULT LESS THAN SIXTEEN, 18 Pa.C.S.A. 3126 (a)(8), AS THE EVIDENCE AT TRIAL FAILED TO PROVE IN EACH COUNT THE AGES OF THE VICTIMS AT THE TIME OF EACH OFFENSE WITH SUFFICIENT SPECIFICITY.

II. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF ALL COUNTS, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVE: (a) CAUSATION, NAMELY, THAT APPELLANT COMMITTED ANY ACT OF SEXUAL VIOLATION AND/OR ASSAULT AGAINST ANY OF THE ALLEGED VICTIMS AND, (b) INTENT, NAMELY, THAT APPELLANT INTENDED TO ASSAULT THE ALLEGED VICTIMS IN THIS MATTER.

III. APPELLANT ASSERTS THAT THE JURY'S VERDICT ON ALL COUNTS WAS AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED TO SUPPORT THE ALLEGATIONS THAT APPELLANT SEXUALLY VIOLATED THE ALLEGED VICTIMS IN ANY MANNER.

IV. APPELLANT ASSERTS THAT THE TRIAL COURT ERRED WHEN IT DENIED HIS *MOTION IN LIMINE* REQUESTING THE DISMISSAL OF COUNTS 83 THROUGH 118 AS SET FORTH IN PARAGRAPHS 14, 15 16 AND 17 OF SAID MOTION, FILED OF RECORD ON JANUARY 22, 2015, RELATING TO THE STATUTORY SEXUAL ASSAULT COUNTS AS IMPROPERLY CHARGED AS THESE CHARGES PERTAIN TO ALL THREE ALLEGED VICTIMS IN THE INSTANT MATTER FRO [sic] OFFENSES THAT ALLEGEDLY OCCURRED BETWEEN THE YEARS OF 2002 THROUGH 2014, THE MARJORITY [sic] OF WHICH OCCURRED BEFORE THE FEBRUARY 21, 2012 EFFECTIVE DATE OF THE CURRENT FORM OF 18 Pa.C.S.A. § 3122.1.

V. APPELLANT ASSERTS THAT THE TRIAL COURT ERRED WHEN IT DENIED HIS *MOTION IN LIMINE* REQUESTING A PRECLUSION OF EVIDENCE PRESENTED BY THE COMMONWEALTH PERTAINING TO HIS USE OF CONTROLLED SUBSTANCES PURSUANT TO Pa.R.E. 404(b) AS THE PREJUDICE CAUSED TO APPELLANT BY THE ADMISSION OF SAID EVIDENCE GREATLY OUTWEIGHED THE PROBATIVE VALUE AND WAS NOT BEING OFFERED BY THE COMMONWEALTH TO PROVE, MOTIVE, OPPORTUNITY, INTENT, PREPARATION, PLAN, KNOWLEDGE, IDENTITY, ABSENCE OF MISTAKE OR LACK OF ACCIDENT.

VI. WHETHER THE TRIAL COURT ERRED WHEN IT RULED THAT THE COMMONWEALTH DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS A SEXUALLY VIOLENT PREDATOR.

- 4 -

VII. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE THE SENTENCES FOR COUNTS 30 AND 36 WITH THE SENTENCES IMPOSED ON COUNTS 1 THROUGH 6 PERTAINING TO RAPE OF A CHILD AS THE ELEMENTS OF THE OFFENSES INCLUDED IN COUNTS 30 AND 36 MERGE WITH THE RAPE OF A CHILD COUNTS.

VIII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPOSED AN EXCESSIVE SENTENCE OF NOT LESS THAN NINETY-NINE (99) YEARS NOR MORE THAN TWO HUNDRED (200) YEARS AS THE APPELLANT'S PRIOR RECORD SCORE WAS ZERO (0).

Appellant's Brief at 9-12.

Appellant first argues that there was insufficient evidence to support his convictions. Appellant's Brief at 17-26. Specifically, Appellant contends that the Commonwealth failed to prove the necessary ages of the victims at the times of the various offenses. With regard to victim S.E., Appellant states:

> Given [her] testimony, which was inconsistent with prior testimony given at the preliminary hearing and prior statements given to law enforcement, her testimony as to her age at the time of the alleged offenses cannot be sufficient as the sole evidence presented by the Commonwealth to substantiate the age elements of the offenses related to S.E.

Appellant's Brief at 21.

With regard to victim T.W., Appellant avers the following:

> As to the assertion that T.W. was under the age of sixteen at the time of the offenses, given T.W.'s lack of clarity as to her age at the time the offenses began, her assertion as to her age at the time the offenses ended cannot be trusted. T.W. testified that she was fifteen when the abuse ended at which time she stopped visiting with Appellant. (Trial T. 211). T.W. also testified that she and B.E. are only eleven months apart in age.

(Trial T. 220). B.E. also testified that the abuse she allegedly suffered ended when she was fifteen years of age. (Trial T. 166). Given the extreme closeness of the two victims' ages, their assertions that they were both fifteen at the time the abuse against each of them ended is completely untrustworthy.

Appellant's Brief at 24-25.

Concerning victim B.E., Appellant states the following:

As with T.W.'s testimony, B.E. could not specifically state the age at which the abuse occurred. Further, just as T.W., B.E. claimed that the abuse ended when she was fifteen. Given the fact that T.W. testified that she and B.E. are only eleven months apart, it is near impossible that both women could be correct that they were both under the age of sixteen when the abuse ended. (Trial T. 220).

Appellant's Brief at 25. Thus, in actuality, Appellant's argument is challenging whether the testimony offered by the victims was credible and reliable.

We observe that we analyze arguments challenging the sufficiency of the evidence under the following parameters:

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting ***Commonwealth v. Emler***, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

However, a sufficiency of the evidence review does not include an assessment of the credibility of the testimony. ***Commonwealth v. Wilson***, 825 A.2d 710, 713-714 (Pa. Super. 2003). Such a claim is more properly characterized as a weight of the evidence challenge. ***Id***. A challenge to the weight of the evidence questions which evidence is to be believed. ***Commonwealth v. Charlton***, 902 A.2d 554, 561 (Pa. Super. 2006). Indeed, claims challenging the weight of the evidence and sufficiency of the evidence are clearly distinct. ***See Commonwealth v. Widmer***, 744 A.2d 745 (Pa. 2000) (discussing the distinctions between a claim challenging the sufficiency of the evidence and a claim that the verdict is against the weight of the evidence). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." ***Charlton***, 902 A.2d at 561 (quoting ***Commonwealth v. Galindes***, 786 A.2d 1004, 1013 (Pa. Super. 2001)).

Appellant has failed to preserve a challenge to the weight of the evidence for our review. Pa.R.Crim.P. 607 and its comment instruct that in order to preserve a claim that a verdict is against the weight of the evidence, the issue must be raised with the trial judge in a motion for a new trial either orally or in writing prior to sentencing, or in a post-sentence

motion. Pa.R.Crim.P. 607. Here, Appellant never filed with the trial court an oral or written motion for a new trial prior to sentencing, or a post-sentence motion which challenged the weight of the evidence.[3] Accordingly, the issue challenging the weight of the evidence is waived. Pa.R.Crim.P. 607; *Commonwealth v. Butler*, 729 A.2d 1134, 1140 (Pa. Super. 1999) (holding that a challenge to the weight of the evidence is waived for failure to present the issue first to the trial court).

Appellant next purports to argue that there was insufficient evidence to support all of his convictions because the Commonwealth failed to prove causation and intent. Appellant's Brief at 26-30. Appellant begins his argument in this regard as follows:

> The Commonwealth's case rested upon the credibility of the alleged victims all of whom were the children of Appellant each having a difficult and estranged relationship. All three victims gave versions of events that call their credibility into question. While credibility is not cited in the sufficiency standard, the credibility of the witnesses is a part of "all reasonable inferences" deducted from the evidence they provided. Given the problems with the credibility of each victim's version of events, the Commonwealth's reliance on their testimony as the primary evidence in the matter cannot provide any type of reasonable basis for a finding of guilt beyond a reasonable doubt.

Appellant's Brief at 27. Appellant concludes his argument with the following sentence:

---

[3] In his post-sentence motion *nunc pro tunc* Appellant challenged the discretionary aspects of the sentence imposed by the trial court.

Appellant argues that the lack of credible evidence that he sexually assaulted the three victims even viewed in a light most favorable to the Commonwealth as the verdict winner cannot support any finding or reasonable inference of guilt beyond a reasonable doubt as the versions of events supplied by all three alleged victims are too bizarre and nonsensical to be sufficient to support the convictions against Appellant.

Appellant's Brief at 29.

Again, we are constrained to conclude that Appellant's issue, which assails the credibility of the victims' testimony, is actually a challenge to the weight of the evidence. As such, we must conclude that the issue is not preserved due to Appellant's failure to present a proper challenge to the weight of the evidence to the trial court. Therefore, we find that this issue attacking the weight of the evidence is waived. Pa.R.Crim.P. 607; *Butler*, 729 A.2d at 1140.

Appellant next argues that the jury's verdict was against the weight of the evidence. Appellant's Brief at 30-31. Appellant contends that the jury's verdicts of guilty as to all counts was against the weight of the evidence because there was no credible testimony that he "sexually violated the alleged victims in any manner." *Id*. at 30.

As we previously stated, in order to preserve for appellate review a claim that a verdict is against the weight of the evidence, the claim must first be raised before the trial court. Specifically, the issue must be raised with the trial judge in a motion for a new trial either orally or in writing prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607. *Butler*, 729

A.2d at 1140.  As we observed, our review of the record reflects that Appellant failed to raise any challenge to the weight of the evidence before the trial court.  Accordingly, this issue is waived.

In his fourth issue, Appellant argues that the trial court erred in denying his motion *in limine*, which requested the dismissal of statutory sexual assault charges.  Appellant's Brief at 31-35.  In his motion to dismiss, Appellant explained that the statutory sexual assault charges brought against Appellant were for offenses committed during the years 2002 through 2014.  Motion *in Limine*, 1/22/15, at 3.  However, the statute for statutory sexual assault was amended and its current form became effective on February 21, 2012, which was while the offenses were ongoing.  **Id**.  As Appellant observes, the trial court never formally ruled on the motion to dismiss the charges.  Appellant's Brief at 33.

Before we address the merits of this issue, we must determine whether Appellant preserved this claim for appeal.  Pursuant to Pennsylvania Rule of Appellate Procedure 302, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal.  Pa.R.A.P. 302(a).  Moreover, we have long held that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." **Commonwealth v. Lopata**, 754 A.2d 685, 689 (Pa. Super. 2000).  Even issues of constitutional dimension cannot be raised for the first time on appeal.  **Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa. Super. 2008);

***Commonwealth v. Ryan***, 909 A.2d 839, 845 (Pa. Super. 2006) (noting that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief."). Thus, only claims properly presented in the trial court are preserved for appeal. In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e).

Our review of the record reflects that Appellant sought dismissal of the statutory sexual assault charges in his motion *in limine* filed immediately prior to trial. Motion *in Limine*, 1/22/15, at 3. The trial court heard oral argument on Appellant's request immediately prior to trial. N.T., 1/22/15, at 5. During the pretrial discussion, Appellant's attorney explained to the trial court the intervening change in the statute, and the Commonwealth requested permission to amend the information. *Id*. at 5-8. During the discussion with the trial court, the Commonwealth recommended addressing any changes in the law on the verdict slip and explaining the situation to the jury prior to its deliberations. *Id*. at 8-10. Specifically, the Commonwealth suggested the following:

> If that makes sense? And I'll break down what, after the testimony comes in, Your Honor, I'll break down the charges I believe we've provided testimony for, and then prepare the verdict slip accordingly. But I think the verdict slip should say: This charge, this victim, this date. And then the jury can say "guilty" or "not guilty" to that, to that charge as it is written.

- 11 -

*Id*. at 10. The trial court then asked defense counsel whether she had a problem with the Commonwealth's suggestion, and Appellant's counsel specifically stated:

No. I'm satisfied, Your Honor. The follow --

* * *

Yes, I think that addresses the issue.

*Id*. The trial court then explained that it was, indeed, granting the Commonwealth's motion to amend the information with regard to the charges of statutory sexual assault. *Id*. at 11-13.

Because Appellant's counsel acquiesced to the amendment of the information as proposed by the Commonwealth, Appellant cannot now argue that the trial court erred in permitting the amendment to the criminal information. Consequently, we are left to conclude that Appellant failed to preserve this issue for appellate review.

In his fifth issue, Appellant again argues that the trial court erred in denying a portion of his motion *in limine*. Appellant's Brief at 35-38. In particular, Appellant contends that the trial court erred in failing to preclude evidence presented by the Commonwealth pertaining to Appellant's alleged use of controlled substances, to which Appellant admitted in a telephone conversation with one of the victims.

It is well settled that "[t]he admission of evidence is within the sound discretion of the trial court, and will be reversed on appeal only upon a

showing that the trial court clearly abused its discretion." ***Commonwealth v. Miles***, 846 A.2d 132, 136 (Pa. Super. 2004) (*en banc*) (citing ***Commonwealth v. Lilliock***, 740 A.2d 237 (Pa. Super. 1999)). Abuse of discretion requires a finding of misapplication of the law, a failure to apply the law, or judgment by the trial court that exhibits bias, ill-will, prejudice, partiality, or was manifestly unreasonable, as reflected by the record. ***Commonwealth v. Montalvo***, 986 A.2d 84, 94 (Pa. 2009).

A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. ***Commonwealth v. Freidl***, 834 A.2d 638, 641 (Pa. Super. 2003). The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. ***Id***. A trial court should find evidence admissible if it is relevant, that is "if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact." ***Commonwealth v. Williams***, 896 A.2d 523, 539 (Pa. 2006) (quoting ***Commonwealth v. Stallworth***, 781 A.2d 110, 117-118 (Pa. 2001)).

Pennsylvania Rule of Evidence 402[4] expressly provides that "[a]ll relevant evidence is admissible, except as otherwise provided by law[,]" and

_____

[4] We note that the Pennsylvania Rules of Evidence were rescinded and replaced, effective March 18, 2013. As set forth in the explanatory comments to the new rules, they now "closely follow the format, language,
*(Footnote Continued Next Page)*

- 13 -

"[e]vidence that is not relevant is not admissible." Pa.R.E. 402. Pennsylvania Rule of Evidence 401 defines "Relevant Evidence" as evidence having "any tendency to make a fact more or less probable than it would be without the evidence;" and "the fact is of consequence in determining the action." Pa.R.E. 401.

Likewise, Pennsylvania Rule of Evidence 403 sets forth that relevant evidence may be excluded "if its probative value is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. The comment to Pa.R.E. 403 defines "[u]nfair prejudice" as "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 cmt. Furthermore, our Supreme Court has noted previously that "[e]vidence will not be prohibited merely because it is harmful to the defendant." **Commonwealth v. Dillon**, 925 A.2d 131, 138–139 (Pa. 2007). "[E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." **Commonwealth v. Page**, 965 A.2d

*(Footnote Continued)* ───────────

and style of the amended Federal Rules of Evidence. The goal of the Pennsylvania Supreme Court's rescission and replacement of the Pennsylvania Rules of Evidence was . . . to make its rules more easily understood and to make the format and terminology more consistent, but to leave the substantive content unchanged." Explanatory Comments preceding the Pennsylvania Rules of Evidence, at ¶ 2.

- 14 -

1212, 1220 (Pa. Super. 2009) (citing **Commonwealth v. Owens**, 929 A.2d 1187, 1191 (Pa. Super. 2007)).

As a general rule, a defendant's prior bad acts, including convictions, are not admissible to prove criminal propensity or bad character. **Commonwealth v. Paddy**, 800 A.2d 294, 307 (Pa. 2002). Pa.R.E. 404 states, in pertinent part, as follows:

> **(b) Crimes, Wrongs or Other Acts.**
>
> *(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> *(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> *(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b). "This rule deals exclusively with the evidence of crimes, wrongs or acts which a party seeks to admit to prove something about an accused, a complainant or a witness." **Commonwealth v. Thompson**, 779 A.2d 1195, 1201 (Pa. Super. 2001). Such evidence may be admissible "where it is relevant for some other legitimate purpose and not utilized

- 15 -

solely to blacken the defendant's character." ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa. Super. 2007).

Essentially, Rule 404(b) seeks to prevent misuse of other acts evidence, on the grounds "that jurors might convict a defendant because they perceive the defendant has a bad character or propensity to commit crimes." ***Commonwealth v. Cascardo***, 981 A.2d 245, 251 (Pa. Super. 2009). Nevertheless, when prior bad acts evidence is offered for some other legitimate purpose, for example, where the evidence is relevant and part of the chain or sequence of events that contributed to the natural development of the facts, it may be admissible. ***Id***. at 250.

In addressing the admission of evidence of Appellant's claim that he used illegal narcotics and therefore could not remember his criminal actions, the trial court offered the following analysis:

> [Appellant] claims that we erred in admitting statements regarding [Appellant's] past drug use during the presentation to the jury of the consensually intercepted phone recording between [Appellant] and a victim.[4] The evidence [Appellant] complains of is contained in the transcript of the consensually intercepted phone call, admitted as Commonwealth's Exhibit #2. The relevant portions are as follows:
>
> (From page 2)
> "[T.W.]: That's not what I'm asking. Why did you touch me?
> [Appellant]: I was on drugs babe.
> [T.W.]: You know, I do not remember that."
> (From page 3)
> "[T.W.]: I just want to know why.
> [Appellant]: I had to been on drugs, I don't remember.
> [T.W.]: Are you sorry for everything you did?
> [Appellant]: Yes I am. If I did, I'm so sorry. I did not. I had to been on drugs. I couldn't have done this."

(From page 3)

"[T.W.]: Why don't you remember?

[Appellant]: I was on drugs.

[T.W.]: Well I don't remember you ever doing the drugs. I remember you drunk but you never did drugs.

[Appellant]: Yes I did.

[T.W.]: Well you never did them when (indecipherable).

[Appellant]: All the time. I was high on heroin.

[T.W.]: I don't remember any of that."

(From page 5)

"[T.W.]: You took our virginity and we can't forget it.

[Appellant]: I was on drugs bad. You know what heroin does to a person?

[T.W.]: Why don't I believe you though?"

(From page 8)

"[T.W.]: Every weekend. More than once. How can't you remember?

[Appellant]: I was doing heroin.

[T.W.]: What?

[Appellant]: I was doing heroin.

[T.W.]: I don't believe you. I don't believe any of the drug story. I don't know why you just don't tell me you remember."

[4] We first note that the above statements were so woven throughout the recording and transcript that it was impossible to redact the recording/exhibit in order to remove the statements of which [Appellant] complains.

* * *

We admitted the above statements as the Commonwealth did not offer them to prove [Appellant's] drug use or any bad character therefrom. In fact, it was the Commonwealth's theory that [Appellant's] asserted drug use was untrue. Indeed, as is evident from the relevant portions of Commonwealth's Exhibit #2, *supra*, on nearly every occasion [Appellant] blamed his lack of memory on his past use of drugs, the victim stated that she did not believe the assertions to be true. Rather, the Commonwealth offered the statements for the purposes of knowledge, absence of mistake, and consciousness of guilt. We also found that the probative value of the evidence strongly outweighed the potential for prejudice against [Appellant].

> Here, the evidence of the prior bad act-that is, drug use-is completely unrelated in nature to the charges for which [Appellant] was on trial. The value of the statements to the Commonwealth's case, and the purposes for which it was offered, greatly outweighed any negative effect to [Appellant] on the jury's verdict on the present charges. In short, we do not believe any jury would be more likely to convict [Appellant] of sexually molesting his own children merely because he admitted to a past problem with controlled substances. And, the prejudicial effect is diminished further since the Commonwealth and its witnesses intended to *disprove* the prior bad acts rather than prove them. For additional analysis on the issue, we respectfully direct the appellate court to our discussion in the record. See *Pre-Trial Tr.*, pp. 11-15.

Trial Court Opinion, 11/10/15, at 6-8 (emphasis in original).

The facts support the trial court's conclusion that evidence of Appellant's alleged drug use was not offered to prove any bad character or prior bad acts. Rather, the statements were used to establish knowledge, absence of mistake, and consciousness of guilt. In addition, this evidence establishes a complete history of the events. Moreover, the potential for prejudice from admission of this evidence does not outweigh its probative value. Accordingly, we conclude that the trial court did not abuse its discretion in admitting the evidence. Thus, Appellant's contrary claim lacks merit.

Appellant next challenges his classification as an SVP. Appellant's Brief at 38-41. Specifically, Appellant alleges that the trial court erred in ruling that the Commonwealth demonstrated by clear and convincing evidence that he is an SVP. *Id*. at 38.

An SVP is defined as:

- 18 -

an individual convicted of [a sexually violent offense as set forth in 42 Pa.C.S. section 9799.14 (relating to sexual offenses and tier system) and who], is determined to be a sexually violent predator under [42 Pa.C.S.] section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes a person likely to engage in predatory sexually violent offenses.

42 Pa.C.S. § 9799.12. A "mental abnormality" is "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id*. "Predatory" conduct is "an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization." *Id*. The "salient inquiry for the trial court is the identification of the impetus behind the commission of the crime, coupled with the extent to which the offender is likely to reoffend." *Commonwealth v. Dixon*, 907 A.2d 533, 536 (Pa. Super. 2006). However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an "independent element." *Commonwealth v. Morgan*, 16 A.3d 1165, 1170–1172 (Pa. Super. 2011) (citations omitted).

When the defendant is convicted of an offense listed in 42 Pa.C.S. § 9799.14, the trial court orders the Sexual Offender Assessment Board ("the Board") to evaluate whether to recommend classifying the defendant as an

SVP. *Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015). The evaluator whom the Board selects to perform the assessment must weigh the following fifteen factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S. § 9799.24(b) (setting forth assessment factors). It is not necessary for all factors, or any particular number of them, to be present to support an SVP designation. *Commonwealth v. Feucht*, 955 A.2d 377, 381 (Pa. Super. 2008).

The Board must submit its written assessment to the district attorney, 42 Pa.C.S. § 9799.24(c), who then files a praecipe to schedule an SVP hearing. 42 Pa.C.S. § 9799.24(e)(1). The Commonwealth has the burden

at the hearing of proving by clear and convincing evidence that the defendant is an SVP. 42 Pa.C.S. § 9799.24(e)(3). The Commonwealth meets its burden by submitting evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue." *Commonwealth v. Meals*, 912 A.2d 213, 219 (Pa. 2006).

> Our standard and scope of review is well-settled:
>
> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Hollingshead*, 111 A.3d at 189.

> In addressing Appellant's issue in this regard, the trial court opined as follows:
>
> At the sentencing hearing, the Commonwealth produced the uncontested testimony of Herbert Hays, a board member for the Pennsylvania Sexual Offenders Assessment Board, who we accepted as an expert in the assessment and treatment of sex offenders. We found Mr. Hays to be a credible witness and accepted his testimony as fact. Given the very young ages of the victims, the number of victims, the prolonged length of the sexual molestation, and the fact that [Appellant] molested his own children, we found by clear and convincing evidence that [Appellant] suffered from the mental abnormality of pedophilia. In addition, especially given the extremely violent nature of some of the acts involving the threat of firearms, we also found by clear and convincing evidence that [Appellant] was likely to engage in predatory, sexually violent behaviors. As such, we

- 21 -

> believe [Appellant's] classification as [an SVP] to be appropriate. We respectfully direct the appellate court to our reasons on the record for further discussion. See *SVP Determination and Sentencing Hearing Tr.*, pp. 34-36.

Trial Court Opinion, 11/10/15, at 8-9.

Our review of the record reflects that at Appellant's SVP hearing, the Commonwealth presented the expert testimony of Mr. Hays, who opined that Appellant is an SVP based upon multiple section 9799.24 factors. N.T., 5/15/15, at 10-21. We have carefully reviewed the evidence, and we agree with the trial court that the Commonwealth provided clear and convincing evidence that Appellant is an SVP. Therefore, Appellant's claim to the contrary fails.

In his seventh issue, Appellant argues that the trial court erred at the time of sentencing in failing to merge particular convictions for the purpose of sentencing. Appellant's Brief at 41-43. Specifically, Appellant alleges that his convictions for involuntary deviate sexual intercourse with a person less than sixteen years of age at counts thirty and thirty-six should have been merged with his convictions of rape of a child at counts one through six. *Id*. at 42-43.

A claim that the trial court imposed an illegal sentence by failing to merge convictions for sentencing is a question of law. ***Commonwealth v. Duffy***, 832 A.2d 1132, 1137 (Pa. Super. 2003). Accordingly, our standard of review is plenary. ***Id***.

Our legislature has addressed the mandatory merger of convictions for the purpose of sentencing in section 9765 of the Sentencing Code, which provides as follows:

**§ 9765. Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

In ***Commonwealth v. Baldwin***, 985 A.2d 830 (Pa. 2009), our Supreme Court summarized the appropriate test concerning merger of convictions for sentencing as follows:

The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) **the crimes arise from a single criminal act**; and 2) **all of the statutory elements of one of the offenses are included in the statutory elements of the other**.

***Id***. at 833 (emphases added).[5]

In addressing Appellant's issue concerning merger of convictions for the purpose of sentencing, the trial court offered the following analysis:

---

[5] We note the Commonwealth has indicated it "does not dispute that the elements for Rape of a Child, the offense charged at Counts 1 through 6, *can* constitute the same criminal conduct as Involuntary Deviate Sexual Intercourse on a Child, the offense charged in Counts 30 and 36." Commonwealth's Brief at 26 (emphasis in original).

[Appellant] claims that we erred in finding that counts 30 and 36 did not merge with counts 1 through 6 at sentencing. We agree with [Appellant] that the elements for counts 1 through 6 (Rape of a Child) can constitute the same criminal conduct as counts 30 and 36 (Involuntary Deviate Sexual Intercourse on a Child). However, as the verdict slip clearly indicates, the jury convicted [Appellant] of separate criminal acts between counts 1 through 6 and counts 30 and 36. Specifically, on count 30, the jury convicted [Appellant] of committing Involuntary Deviate Sexual Intercourse by having his daughter, [S.E.], perform oral sex on him after she took a shower. See *Verdict Slip*. This criminal act is factually distinct from any of the jury's verdicts on counts 1 through 6.[5] Likewise, on count 36, the jury convicted [Appellant] of committing Involuntary Deviate Sexual Intercourse by having anal sex with his daughter, [T.W.]. See *Verdict Slip*. This criminal act is factually distinct from the jury's verdicts on counts 1 through 6.[6]

> [5] According to the verdict slip, counts 1 and 2 are the only convictions pertaining to the same victim, [S.E.]. And, count 1 pertained to the victim performing oral sex on [Appellant] in a vehicle while count 2 pertained to [Appellant] having sexual intercourse with the victim on her brother's birthday. Accordingly, these are clearly separate incidents and convictions from counts 1 through 6.

> [6] We do note that, on a large number of counts, we agreed with defense counsel and imposed no sentence due to merger. However, according to the jury's verdicts, we found counts 30 and 36 to be separate and distinct incidents of [Appellant's] criminal actions in counts 1 through 6. We also note that our discussion on this issue also appears in the record. *See SVP Determination and Sentencing Hearing*, pp. 60-75.

Trial Court Opinion, 11/10/15, at 9-10.

We have reviewed the record and are constrained to agree with the trial court that the crimes in question do not arise from a single criminal act,

so as to require merger.  Specifically, the verdict slip provides, in pertinent part, as follows:

SEQ.     CHARGE

1  Rape of a Child Less than 13 ([S.E.] first oral sex in car)

2  Rape of a Child Less than 13 ([S.E.] first intercourse--Bday)

3  Rape of a Child Less than 13 ([T.W.] first intercourse farmhouse)

4  Rape of a Child Less than 13 ([T.W.] first oral sex in car)

5  Rape of a Child Less than 13 ([T.W.] intercourse hood of car)

6  Rape of a Child Less than 13 ([T.W.] intercourse D's house)

* * *

30  IDSI of a Child Less than 16 ([S.E.] oral sex after shower)

* * *

36  IDSI of a Child Less than 16 ([T.W.] anal sex on couch)

Verdict Slip, 1/22/15, at 1.

As the verdict slip reflects, the convictions at count one and count thirty both concern oral sex performed with S.E., while the conviction at count two pertains to the first episode of intercourse with S.E.  However, the conviction at count one deals with oral sex in a car, and the conviction at count thirty deals with oral sex after a shower.  Accordingly, we are constrained to conclude, as did the trial court, that these crimes do not arise from a single criminal act.

Our review further reflects that the convictions at counts three through six and count thirty-six each concern conduct with T.W. as the victim. Specifically, the conviction at count thirty-six addresses Appellant having anal sex with T.W. on the couch. As the trial court aptly noted, this particular criminal conduct is distinct from the crimes involving intercourse and oral sex with T.W. listed at counts three through six. Therefore, because we conclude that none of the multiple crimes in question arises from a single criminal act, Appellant's claim lacks merit.

In his final issue, Appellant argues that the trial court abused its discretion in fashioning his sentence. Appellant's Brief at 43-47. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. **Commonwealth v. Treadway**, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citing

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question with respect to the issue he presents.

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. *Id*. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

Appellant argues in his brief that "the sentence imposed was so manifestly excessive as to constitute too severe a punishment" Appellant's Brief at 8. Appellant highlights seven points allegedly supporting his contention that his sentence was not individualized. *Id*. We have held that a claim that the trial court abused its discretion in imposing a manifestly

excessive sentencing that was not individualized raises a substantial question. *See Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa. Super. 2012) (finding a substantial question in the defendant's claim that his sentence was manifestly excessive because the trial court failed to issue an individualized sentence). Thus, we conclude that Appellant's claim presents a substantial question and we will review the merits of Appellant's challenge.

Our standard of review in appeals of sentencing is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[6] When imposing a

_____

[6] The *Walls* Court instructed the following:

*(Footnote Continued Next Page)*

sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id*.

Appellant contends that the aggregate term of incarceration imposed by the sentencing court is excessive in light of the factors presented to the

---

*(Footnote Continued)*

In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:

(d) Review of the record.—In reviewing the record the appellate court shall have regard for:

(1) The nature of the circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Walls*, 926 A.2d at 963.

court, such as the facts that Appellant is middle-aged and "had a long history of being a working, contributing member of the community with a zero prior record score." Appellant's Brief at 46. Appellant alleges that in ignoring these factors the court failed to impose an individualized sentence. *Id*. For the reasons which follow, this claim lacks merit.

Our review of the record reflects that, after the sentencing court reviewed a presentence report and the sentencing guideline ranges, it thoroughly addressed the issue of merger of convictions for sentencing. Thereafter, the sentencing court received statements from the victims. In addition, the sentencing court heard from Appellant's attorney regarding mitigating circumstances pertaining to Appellant's character with a request that a sentence be imposed which would allow Appellant to be paroled in his senior years. Also, the sentencing court heard Appellant's allocution, during which he requested another trial. The sentencing court then listened to the Commonwealth's list of aggravating circumstances and request for sentences at the top of the aggravated range for each offense and to run the sentences consecutively. Finally, the sentencing court made the following statement:

> I think I could probably impose sentence on a lot more counts than I probably will here today. But my intent here is to fashion the sentence that I think is appropriate in length given the seriousness of the offense, his rehabilitative needs, and the protection of the public.
>
> * * *
>
> These are very young victims. There are many of them. The three. They're his own daughters. I mean really every factor I

- 30 -

think could go against you, . . ., is going against you. You're not taking responsibility for it in any way. In fact, today, you're blaming other people for it. So, I mean there's really no mitigation here. I think, you know, given the Guidelines, given the amount of the offenses, you can really impose anything. My intent is to incarcerate you for a very long time. And the reason for that is the fact that I think you are a danger. The one thing that the jury did find [is] that you actually used a firearm against one of you own daughters.

Now, that would be one thing if it was by itself. But you used a firearm against your one daughter in order to sexually violate her. I don't know that I could come up with a situation that would be any worse for a father to do to his daughter.

So, given the gravity of the offense, the fact that I have found you to be [an SVP], that the children were raped by threat of force, at least in one instance, given their young ages, and given how long this was perpetrated on them, . . . I will impose the following sentence.

* * *

Depending on how you look at the Guidelines on the statutory limit, I don't know that I need to put my reasons on the record for the Rape charges, but I will. That's based on the fact that Rape of a Child does not take into account that he sexually violated his own children. They were much younger in age than the required 13 years of age for the offense. That he, at least on one occasion . . . sexually violated his own daughter by threat of force with a firearm. And I, that I found him to be [an SVP].

It is the intended aggregate sentence of the Court to be ninety-nine (99) years to two-hundred (200) years.

N.T., 5/15/15, at 61-72.

In its opinion, the trial court made the following conclusion regarding

the sentence imposed:

While the aggregate sentence of ninety-nine (99) to two-hundred (200) years is very substantial, we believe it is appropriate given the extreme circumstances of [Appellant's]

criminal conduct. As we explained at the sentencing hearing, [Appellant] not only repeatedly sexually molested three children, but he did so on his own biological daughters and at very young ages. Moreover, [Appellant] not only sexually violated his own children over a prolonged period of time, but he did so by also threatening extreme violence with firearms if his victims did not comply with his sexual demands. As such, we found no mitigating factors for [Appellant], and found the protection of the public and gravity of the offenses mandated complete incarceration for the lengthy period imposed. Again, we respectfully direct the appellate court to our reasons on the record. See *SVP Determination and Sentencing Hearing*, pp. 60-75.

Trial Court Opinion, 11/10/15, at 10.

Upon review of the record, we conclude that the sentencing court presented adequate reasons for imposing the instant sentence upon Appellant. There is no indication that the trial court ignored any relevant factors in fashioning the sentence. Indeed, Appellant has not identified or supported any such claim. We agree with the sentencing court that its focus properly was upon Appellant's behavior during the commission of the crimes and the danger Appellant imposes to society and the victims. Accordingly, it is our determination that there was no abuse of discretion on the part of the sentencing court. Hence, we conclude this claim lacks merit. Based on the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2017