J-S06023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PETER BIENVIENIDO ROJAS | |
| Appellant | No. 2735 EDA 2015 |

Appeal from the PCRA Order August 17, 2015
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002191-2009

BEFORE:  MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 28, 2017**

Appellant, Peter Bienvienido Rojas, appeals from the order entered August 17, 2015, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, following a trial resulting in his conviction for second degree murder and robbery.[1]  We affirm.

A more detailed recitation of the facts may be found in the PCRA court's opinion.  **See** PCRA Court Opinion (PCO), 9/15/11, at 3-5.  On May 28, 2009, the body of Mark Holdren was discovered in Allentown, Pennsylvania.  He had been stabbed multiple times.  Later that day, Appellant voluntarily went to the Allentown police headquarters to report

_____

[1] 18 Pa.C.S. §§ 2502(b), 3701.

[*] Former Justice specially assigned to the Superior Court.

what he claimed was an attempted robbery. Appellant told police officers that he had been hit in the head from behind, pulled his knife in self-defense, and stabbed his assailant. Inconsistencies in Appellant's story, as well as particular details he related to officers, led police officers to arrest Appellant for Mr. Holdren's murder.

Appellant was charged with criminal homicide and robbery. Prior to trial, Appellant litigated an omnibus pre-trial motion seeking, among other things, to suppress his statement made to police officers. Appellant also sought to admit evidence that Mr. Holdren had a Department of Public Welfare ACCESS card and had stayed at the Allentown Rescue Mission. Appellant's motion was denied.

At trial, jurors viewed a videotape of the crime scene. The jury convicted Appellant of second-degree murder and robbery. Appellant received a mandatory sentence of life imprisonment for felony murder and a concurrent sentence of ten to twenty years of incarceration for robbery. Appellant timely filed post-sentence motions challenging the robbery sentence. The trial court vacated the merged robbery sentence and denied Appellant's remaining issues.

Appellant's judgment of sentence was affirmed by this Court. *See Commonwealth v. Rojas*, 68 A.3d 362 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 72 A.3d 603 (Pa. 2013).

Appellant subsequently filed a motion for post-conviction DNA testing, which the court denied. Appellant timely filed the instant petition seeking

PCRA relief. Counsel was appointed and filed an amended petition. In March 2015, the PCRA court held an evidentiary hearing.

Trial counsel, John Baurkot, testified that he did not object to the introduction of the crime scene video because he was concerned about the possibility of Appellant being convicted for first degree murder and facing the death penalty. *See* Notes of Testimony (N.T.), 3/20/15, at 10-11. Specifically, Mr. Baurkot felt that evidence the victim had been able to walk away from the crime scene to seek help would support his argument that Appellant did not have specific intent to kill. *Id.* at 11. Further, Mr. Baurkot did not request an instruction on the video because he did not want to draw further attention to it, as the jury was death penalty qualified and thus likely to be more conservative. *Id.* at 16-17.

With regard to the statements Appellant made to police, Mr. Baurkot testified he did not object to the statement so that Appellant's side of the story could be read to the jury without subjecting Appellant to cross-examination, as Appellant had a prior conviction for robbery. *Id.* at 30-31. Following the hearing, the court denied Appellant's petition.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant presents the following questions for our review:

> 1. Was [Appellant] denied his right to the effective assistance of counsel under Article 1, § 9 of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution where

counsel failed to timely object to the introduction of the videotape of the crime scene at trial and/or for failing to request a curative or cautionary instruction from the court?

2. Did the PCRA court erred [*sic*] where it denied [Appellant]'s claim that trial counsel was ineffective for failing to properly cross-examine Commonwealth witnesses and for failing to properly argue the pretrial motion to suppress? And was appellate counsel was [*sic*] ineffective for failing to raise this issue on direct appeal?

3. Was trial counsel ineffective in failing to prepare for and effectively argue that decedent's ACCESS and Rescue Mission records were admissible?

4. Was PCRA counsel ineffective for failing to hire a qualified forensic toxicologist to testify at the evidentiary hearing?

5. [Appellant] was denied his right to effective assistance of counsel when under Article 1, § 9 of the Pennsylvania Constitution and the 6th Amendment to the United States Constitution where direct and PCRA appeal counsels [*sic*] failed to challenge the legality of Appellant's sentence.

Appellant's Brief at 9-10 (unnecessary capitalization and responsive answers omitted).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish

the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

First, Appellant claims that trial counsel was ineffective for failing to timely object to the introduction into evidence of crime scene videotapes that showed the victim's body. *See* Appellant's Brief at 16. Appellant argues that video tapes have more weight than photographs, and that accordingly, the admission of the video prejudiced him. *Id.* at 16-18.

In determining the admissibility of photographs of a murder victim, the court must employ a two-part analysis:

> First[,] a court must determine whether the photograph is inflammatory. If not, it may be admitted if it has relevance and can assist the jury's understanding of the facts. If the photograph is inflammatory, the trial court must decide whether or not the photographs are of such essential evidentiary value

that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors . . .

**See Commonwealth v. Mollett**, 5 A.3d 291, 301-302 (Pa. Super. 2010).

On direct appeal, Appellant challenged the admission of the tapes, arguing that they were inflammatory and prejudicial. **See Rojas**, 68 A.3d 362 at *10. Although the Court found the issue waived for failure to contemporaneously object to the admission of the tapes, the Court also addressed the merits, concluding:

> The video is consonant with the severity of a homicide crime scene. However, it does not rise to the level of inflammatory and overwhelmingly prejudicial evidence that would inflame the minds of the jury. The video plainly would aid the jury in its ability to understand the Commonwealth's evidence and is not overly gruesome. Indeed, we agree with the trial court's assessment that the video was "essentially a video recording of the evidence collection[.]"

**See Rojas**, 68 A.3d 362 at *13. Following a review of the record, we see no error in this conclusion. Counsel cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014).[2]

Next, Appellant argues that the PCRA court erred when it denied his claim that trial counsel was ineffective for failing to cross-examine Officer

---

[2] Appellant's argument that spectators were upset by the videotape and he was prejudiced as a result is equally meritless. As the PCRA court, which also presided over the trial noted, "the reaction to the viewing of the videotape by the spectator was *not* shrieking, sobbing or crying out. Instead, approximately 4 minutes and 45 seconds after the videotape began, two or three muffled sobs were heard on the audio recording." **See** PCO at 11 (emphasis in original).

Berger and file pre-trial motions to suppress Appellant's statements to police. *See* Appellant's Brief at 21. Appellant contends that he was in custody at the time of his interrogation and Officer Berger's failure to read him *Miranda*[3] warnings. *Id.* at 22. Further, he claims appellate counsel was ineffective for failing to litigate this issue on direct appeal. *Id.*

A suspect is entitled to *Miranda* warnings prior to a custodial interrogation. *Commonwealth v. Boyer*, 962 A.2d 1213, 1216 (Pa. Super. 2008). "A person is considered to be in custody for purposes of *Miranda* when the officer's show of authority leads the person to believe that [he] was not free to decline the officer's request, or otherwise terminate the encounter." *Commonwealth v. Page*, 965 A.2d 1212, 1218 (Pa. Super. 2009).

Here, Appellant was not in custody for purposes of *Miranda*. He voluntarily presented himself at the police station to report a robbery and give a report. As the PCRA court noted,

> Upon review of the totality of the circumstances surrounding [Appellant's] interaction with Officer Berger, we do not believe that the officer was required to issue *Miranda* warnings. [Appellant], of his own accord, appeared at the police station to report that he was the *victim* of a robbery. Officer Berger initially dealt with [Appellant] as a victim and allowed [Appellant] to tell him his version of the events in question. When Officer Berger eventually came to suspect that [Appellant] knew more about the homicide on Jute Street, he confirmed the information

---

[3] *Miranda v. Arizona*, 86 S. Ct. 1602 (1966).

> he had been given and contacted detectives to further the
> homicide investigation.

PCO at 14 (emphasis in original).  We see no error in this conclusion.

Accordingly, counsel cannot be found ineffective for failure to litigate a

meritless claim.  ***Fears***, 86 A.3d at 804.

Next, Appellant claims that trial counsel was ineffective in failing to

prepare for and effectively argue that the victim's ACCESS and Rescue

Mission records were admissible.  ***See*** Appellant's Brief at 28.  Appellant

argues that counsel "picked an argument that could not win," and that, if

counsel had argued that the evidence was admissible as evidence of the

victim's state of mind, the evidence would have been admitted.  ***Id.***

Appellant claims the records contained evidence of Mr. Holdren's psychiatric

history and history of drug abuse and that several hearsay exceptions would

have allowed for the admission of this evidence.  ***Id.*** at 29.  This argument

lacks arguable merit.

We note, initially, that Appellant's characterization of trial counsel's

actions is incorrect.  He asserts trial counsel's argument that the records

were admissible as prior bad acts was imprudent and could not win.  ***See***

Appellant's Brief at 28.  However, an examination of the record reflects that

trial counsel did not raise prior bad acts as an argument for admissibility.

This argument was raised by appellate counsel on direct appeal.  During

argument on the motion *in limine*, trial counsel argued 1) that Mr. Holdren's

ACCESS card was empty of benefits at the time of his death, and 2) the

questionnaire Mr. Holdren filled out at the Rescue Mission indicated that he

was addicted to heroin, had not done drugs in a year, and was without money. *See* N.T., 3/3/11, at 31-33. As the autopsy of Mr. Holdren revealed cocaine in his system, trial counsel argued this evidence was relevant to show that Mr. Holdren was the aggressor and that Appellant had acted in self-defense. *Id.* at 33-34.

In reviewing the denial of a motion *in limine*, "we apply an evidentiary abuse of discretion standard of review." *Commonwealth v. Owens*, 929 A.2d 1187, 1190 (Pa. Super. 2007). The admission of evidence is within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. *Id.* Evidence is admissible if it is relevant, and if its probative value outweighs unfair prejudice. *See Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa. Super. 2015). Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence, and the fact is of a consequence in determining the action. *Id.*; *see also* Pa.R.E. 401. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Tyson*, 119 A.3d at 358 (internal citation omitted).

The trial court found the evidence at issue irrelevant to Appellant's claim of self-defense. *See* PCO at 15-16. On appeal, this Court also found that evidence of the victim's financial struggles irrelevant to the issue of whether he would have attacked Appellant. *See Rojas*, 68 A.3d 362, *5. We find no error in this conclusion. *Johnson*, 966 A.2d at 533.

Appellant's arguments regarding the victim's alleged "psychiatric history" are equally unavailing. At best, Appellant has established that Mr. Holdren filled out a questionnaire indicating he was addicted to heroin. At the hearing, counsel also indicated the questionnaire may have stated that Mr. Holdren suffered from suicidal ideation and depression. *See* N.T., 3/11/11, at 35. This evidence would not establish that Mr. Holdren was more likely to have attacked Appellant and, accordingly, was not relevant to Appellant's claim of self-defense. *See Tyson*, 119 A.3d at 358. Thus, Appellant is not entitled to relief on this claim, as the underlying legal issue is without arguable merit. *Johnson*, 966 A.2d at 533.

Next, Appellant argues that PCRA counsel was ineffective for failure to hire a qualified forensic toxicologist to testify at the evidentiary hearing that Mr. Holdren's cocaine use, combined with methadone and "his untreated psychiatric conditions," would have made him aggressive. *See* Appellant's Brief at 33. He contends that, backed by an expert's testimony, his self-defense claim would have been more compelling than his denial of guilt. *Id.* at 34. Appellant claims that he requested PCRA counsel raise this issue before the court but that she refused to do so. *Id.* at 33-34.

To establish ineffective assistance of counsel for failure to call a witness, the petitioner must establish 1) the witness existed; 2) the witness was available to testify for the defense; 3) counsel knew of, or should have known of the existence of the witness; 4) the witness was willing to testify for the defense; and 5) the absence of the testimony of the witness was so

- 10 -

prejudicial as to have denied the petitioner a fair trial.  **See Commonwealth v. Sneed**, 45 A.3d 1096, 1109 (Pa. 2012).  With regard to expert witnesses, the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence.  **See Commonwealth v. Gwynn**, 723 A.2d 143, 151 (Pa. 1998).

Here, Appellant has failed to meet the standard to establish ineffective assistance.  Appellant has not provided the name of the toxicologist he would have called or any evidence that the toxicologist would have testified on his behalf at trial.  Nor has Appellant detailed any medical or scientific testimony beyond a bald assertion that a toxicologist "could have proven" that cocaine would have made Mr. Holdren aggressive.  Accordingly, he has not established ineffective assistance of counsel.  **See Sneed**, 45 A.3d at 1109; **Johnson**, 966 A.2d at 533.

Finally, Appellant argues that he was denied his right to effective assistance of counsel where appellate counsel and PCRA counsel failed to challenge the legality of his sentence.  **See** Appellant's Brief at 36. Appellant claims he did not have formal and specific notice of the charges against him, because he was accused with the "open" charge of criminal homicide, 18 Pa.C.S. § 2501, but found guilty of second degree murder, 18 Pa.C.S. § 2502(b).  **Id.**  Appellant also claims that a sentence of life imprisonment imposed pursuant to 18 Pa.C.S. § 1102(b) is unlawful.

As Appellant did not raise this claim in his PCRA petition or in his 1925(b) statement, it is waived for purposes of appeal.  **Washington**, 927

A.2d at 601; **see also** Pa.R.A.P. 302 (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.").

Additionally, Appellant claims that PCRA counsel was ineffective in her representation. However, claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014). Accordingly, Appellant is not entitled to relief on these claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2017